# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **HENRY GRAY** | **CIVIL ACTION NO. 06-1922** |
| VS. | SECTION P |
| LA. DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

and

| | |
|---|---|
| **HENRY GRAY** | **CIVIL ACTION NO. 06-1926** |
| VS. | SECTION P |
| WARDEN, UNION PARISH DETENTION CENTER | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court are a civil rights complaint filed pursuant to 42 U.S.C. §1983 [Docket Number 3:06-cv-1922] and a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 [3:06-cv-1926]. Both suits were filed *in forma pauperis* on September 8, 2006 by *pro se* petitioners Donnell Douglas and Henry Gray. The suits were assigned docket numbers 3:06-cv-1552 and 3:06-cv-1553. On October 24, 2006, petitioner Gray's claims were severed from the instant lawsuit and those claims have been re-docketed under the captions and docket numbers set forth above.

Both of Gray's claims, his civil rights claim and his *habeas* claim, are identical, and therefore, for the sake of judicial economy, both claims will be addressed in a single Report and

1

Recommendation. Gray is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Union Parish Detention Center, Farmerville, Louisiana where he is serving a hard labor sentence imposed following the revocation of his probation in the Nineteenth Judicial District Court, East Baton Rouge Parish. In his civil rights complaint Gray asks this court to order that he be placed "... back under Act 1099. Have D.O.C. remove Act 150, Habitual Offender Law... and remove [petitioner] from illegal confinement." (See 3:06-cv-1922, at doc. 1-1, paragraph V) He seeks his immediate or speedier release in the *habeas corpus* suit. (See 3:06-cv-1926, at doc. 1-1, paragraph 8; doc. 1-3, p. 3)

These matters have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that Gray's civil rights complaint (3:06-cv-1922) be construed as a petition for writ of *habeas corpus* since it seeks petitioner's immediate or speedier release from custody. It is further recommended that this petition be dismissed as duplicative of the *habeas corpus* petition filed under docket number 3:06-cv-1926; and, it is finally recommended that the *habeas* claims asserted herein be **DENIED** and **DISMISSED** because petitioner failed to exhaust available state court remedies.

### *Statement of the Case*

Petitioner has provided little or no factual back ground in support of his claims. It appears that he was convicted of some unspecified "crime of violence" in the Nineteenth Judicial District Court and sentenced to serve five years at hard labor. [3:06-cv-1926, doc. 1-1, paragraph 3] He complains that he was either not allowed diminution of sentence, or that the diminution allowed was miscalculated, or that he was wrongfully sentenced under Louisiana's habitual

offender law.  In any event, he contends that his release date has been wrongly calculated and that he was entitled to be released on July 20, 2006.

*Law and Analysis*

Petitioner asks this court to order the LDOC to recalculate his sentence, and in so doing to reduce the amount of time to be served thus guaranteeing a speedier if not immediate release from custody.  As pointed out above, such relief is not available by way of a civil rights action.[1] See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997) ("A *habeas* petition ... is the proper vehicle to seek release from custody."); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (A §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement).  Since success in this action would result in petitioner's speedier release, this pleading should be construed as a petition for writ of *habeas corpus* under either 28 U.S.C. §2241 or §2254.[2]

---

[1] See also, *Muhammad v. Close*, 540 U.S. 749, 750-751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004), in which the Court noted: "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for *habeas corpus*, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in *habeas*, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." [emphasis supplied] Thus, even if this pleading might properly be construed as a civil rights complaint, it would be subject to dismissal in accordance with *Heck*.

[2] Although it is clear that habeas corpus is the proper remedy, it is not clear whether the provisions of 28 U.S.C. §2241 or §2254 should apply. "An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (*en banc*)). Thus, this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254. See also *Carmona v.*

3

With regard to *habeas corpus*, federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for

---

*Andrews*, 357 F.3d 535 (5th Circuit 2004). But see *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.) Here, petitioner does not seek to undo her convictions, (as would be the case under 28 U.S.C. §2254) but instead asks the court to correct the alleged unconstitutional actions of the defendants that will result in her continued incarceration beyond the date upon which she contends she should ultimately be released. See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed). As is shown hereinafter, the distinction is unimportant to the resolution of this matter.

writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner has apparently begun but not yet completed the exhaustion process.[3] To the extent that petitioner contests the computation of his sentence, it should be noted: Louisiana law requires that challenges to the computation of a sentence be brought first through the Department's administrative grievance process. La. R.S. 15:1176. If the administrative remedies procedure is unsuccessful, the inmate can then seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.[4] Compare *State ex rel. Bartie v. State*, 501 So.2d 260 (La.App. 1st Cir.1986). If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1). Should petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

---

[3] Petitioner's pleadings are extremely difficult to decipher, especially in light of the fact that he originally joined his claims to those of his fellow inmate. Yet, it appears that he has raised some claims for relief in the Louisiana courts. See 3:06-cv-1926 at doc. 1-1, paragraphs 6-7.

[4] La. R.S.15:571.15 provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..."

5

To the extent that petitioner complains about the imposition of an excessive or illegal sentence, such claims must be raised as either a motion, an appeal, or an application for post-conviction relief in the appropriate court. See La. C.Cr.P. arts. 881.1, 881.2, 881.5, 882, 911, and 924 *et seq.*

In any event, review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner and the claims for relief he has filed herein.[5] While it is impossible to determine from the pleadings and published jurisprudence whether or not petitioner has sought review of his *habeas corpus* in the district court or the court of appeals, it is abundantly clear that the present *habeas corpus* claims have not been fully and fairly presented to the Louisiana Supreme Court, and therefore petitioner's federal *habeas corpus* claims remain unexhausted. In fact, petitioner admits that he has not exhausted state court remedies. [See 3:06-cv-1926 at paragraph 8]

Therefore

**IT IS RECOMMENDED** that the civil rights complaint filed in Docket Number 3:06-

---

[5] See Westlaw® database, Louisiana cases,
https://web2.westlaw.com/Welcome/Louisiana/default.wl?blinkedcitelist=False&rs=WLW2.05&ss=CXT&origin=Search&sv=Split&action=EditQuery&cfid=1&fn=_top&fcl=True&sskey=CLID_SSSA3946131311&mt=Louisiana&eq=Welcome%2fLouisiana&method=TNC&query=TI(DON!+%2b2+DOUGLAS)&srch=TRUE&effdate=1%2f1%2f0001+12%3a00%3a00+AM&db=LA-CS&ssrc=4&vr=2.0&service=Search&cnt=DOC&rltdb=CLID_DB3946131311&scxt=WL&docsample=False&cxt=RL&rp=%2fWelcome%2fLouisiana%2fdefault.wl&utid=%7b09846306-2B8B-4E3F-B643-7E7D53236226%7d

The search revealed only two cases arising within the last decade. In *Gray v. State*, 2005-617 (La. App. 3 Cir. 2/15/2006), reh. denied, 5/17/2006, 923 So.2d 812, the Third Circuit Court of Appeals affirmed in part, reversed in part, and remanded petitioner's access to courts claim which had been originally raised in the Seventh Judicial District Court.

In *State of Louisiana v. Henry Gray*, 2000-2352 (La. 9/15/2000), 767 So.2d 702, petitioner sought review of the judgment of the Nineteenth Judicial District Court; the Supreme Court transferred petitioner's writ application to the First Circuit Court of Appeals for consideration.

6

cv-1922 be construed as a petition for *habeas corpus* and that it be **DENIED AND DISMISSED** as duplicative**;**

**IT IS FURTHER RECOMMENDED** that the habeas corpus petition filed in Docket Number 3:06-cv-1926 be **DENIED AND DISMISSED** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 13th day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE